# EXHIBIT "B"

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG – 7 2018

B. VOTRUBA

1  RICHARD E. QUINTILONE II (SBN 200995)
   GEORGE A. ALOUPAS (SBN 313112)
2  QUINTILONE & ASSOCIATES
   22974 EL TORO ROAD SUITE 100
3  LAKE FOREST, CA 92630-4961
   TELEPHONE NO. (949) 458-9675
4  FACSIMILE NO. (949) 458-9679
   E-MAIL: REQ@QUINTLAW.COM; GAA@QUINTLAW.COM
5  JOHN D. TRIEU (SBN 189198)
   LAW OFFICES OF JOHN D. TRIEU, APC
6  9211 BOLSA AVE., SUITE 222
   WESTMINSTER, CA 92683
7  TELEPHONE NO.: 714.892.2154
   FACSIMILE NO.: 714.893.6710
8  E-MAIL: JOHN@TRIEULAW.COM

9  Attorneys for Plaintiff, NGHIA PHUOC KIEU on behalf of himself and on behalf of a Class of all
   other employees similarly situated
10

11              SUPERIOR COURT OF CALIFORNIA

12        COUNTY OF RIVERSIDE - HISTORIC COURTHOUSE

13  NGHIA PHUOC KIEU, an individual, on        CASE NO.: RIC  18 16 157
    behalf of himself, and on behalf of all other
14  employees similarly situated,              CLASS ACTION

                                               Assigned For All Purposes To:
15          Plaintiff,                         Hon.
                                               Dept.:
16      vs.                                    CLASS ACTION COMPLAINT FOR:

17                                             1.  FAILURE TO PAY OVERTIME AND
                                                   MINIMUM WAGES UNDER THE FLSA
18  LUBRIZOL ADVANCED MATERIALS, INC,             [29 USC §§ 206, 207]
    a Delaware Corporation; EXTRUMED INC.     2.  FAILURE TO PAY OVERTIME AND
19  dba VESTA; a California Corporation; and       MINIMUM WAGES INCLUDING
    DOES 1 through 100, inclusive,                 OVERTIME;
20                                             3.  FAILURE TO PROVIDE MEAL PERIODS;
                                               4.  FAILURE TO PROVIDE REST PERIODS;
21          Defendants.                        5.  FAILURE TO PROVIDE ITEMIZED
                                                   STATEMENTS;
22                                             6.  FAILURE TO PAY WAGES TWICE
                                                   MONTHLY;
23                                             7.  FAILURE TO PAY TERMINATION PAY;
                                               8.  UNLAWFUL COMPETITION AND
24                                                 UNLAWFUL BUSINESS PRACTICES; and
                                               9.  VIOLATION OF THE PRIVATE
25                                                 ATTORNEY GENERAL ACT

26                                             DEMAND FOR JURY TRIAL

27

28
                                     -1-
                          CLASS ACTION COMPLAINT

1       Plaintiff, NGHIA PHUOC KIEU, on behalf of himself individually and all other employees

2 similarly situated (hereinafter "Plaintiff"), complain of Defendants, and each of them, and for the

3 causes of action below, alleges:

4 **1.**    **INTRODUCTION**

5      1.    This is a class action, pursuant to California <u>Code of Civil Procedure</u> § 382, on behalf of

6 Plaintiff and all non-exempt employees employed by, or formerly employed by LUBRIZOL

7 ADVANCED MATERIALS, INC., a Delaware Corporation, EXTRUMED INC. dba VESTA, a

8 California Corporation, and DOES 1 through 100, and any subsidiaries or affiliated companies

9 (hereinafter collectively referred to as "Defendants"), within the State of California. The non-exempt

10 employees employed by or formerly employed by Defendants within the State of California are

11 hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

12 Plaintiff also files this representative action pursuant to Labor Code §§ 2698, *et seq.*, of the Private

13 Attorneys General Act of 2004 ("PAGA") seeking penalties, attorneys' fees, and injunctive relief.

14      2.    From at least **August 2014** to the filing of this action and through to the present,

15 Defendants consistently maintained and enforced against Defendants' non-exempt employees, among

16 others, the following unlawful practices and policies, in violation of California state wage and hour

17 laws:

18           (a)    During the Relevant Time Period, Defendants have had a consistent policy of

19                 requiring employees to work more than eight (8) hours in any given day and/or more

20                 than forty (40) hours in any given week, and not pay overtime compensation pursuant

21                 to applicable California <u>Labor Code</u> requirements;

22           (b)    During the Relevant Time Period, Defendants have had a consistent policy of failing

23                 to pay its employees wages for all hours worked;

24           (c)    During the Relevant Time Period, Defendants have had a consistent policy of

25                 requiring Class Members within the State of California, including Plaintiff, to work at

26                 least five (5) hours without a lawful meal period and failing to pay such employees

27                 one (1) hour of pay at the employees' regular rate of compensation for each workday

28                 that the meal period is not provided, as required by California laws and regulations;

(d)    During the Relevant Time Period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(e)    During the Relevant Time Period, Defendants failed to provide accurate itemized wage statements and maintain accurate payroll records of Plaintiff's earned wages, shift differential pay, calculation of shift differential pay in the regular rate of pay, and work periods as evidenced by Defendants' failure to keep adequate records of meal periods in accordance with the requirements of Labor Code sections 226, 226.3, 1174, and 1174.5.

3.    Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 218, 218.6, 226, 226.3 226.7, 512, 558, 1174, 1174.5, 1194, 1198, and California Code of Regulations, Title 8, § 11010(11)(A), 11010(12)(A) et seq., seeking unpaid overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.    Plaintiff, on behalf of himself and all Classes, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## 2.    **PARTIES**

### A.    **Plaintiff**

5.    Plaintiff and Class Members are all residents of California. At relevant times herein, each of them individually were employed by Defendants as non-exempt employees in the State of California.

### B.    **Defendants**

6.    LUBRIZOL ADVANCED MATERIALS, INC., a Delaware Corporation, EXTRUMED INC. dba VESTA; a California Corporation, and all other DOES 1 through 100 named on this

-3-

1  Complaint, own, operate and maintain a Manufacturing Facility in Riverside County, California.
2  Defendants are engaged in the business of selling, distributing, producing, fabricating or otherwise
3  manufacturing medical devices. Lubrizol has sold and is selling such products throughout Riverside
4  County and the State of California and is a type of business covered by the Manufacturing Industry,
5  Industrial Welfare Commission Wage Order 1-2001.

6        7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of
7  Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore
8  sue Defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff is
9  informed and believes, and based thereon alleges, that each of the defendants designated herein as a
10  DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek
11  leave of court to amend this Complaint to reflect the true names and capacities of the defendants
12  designated hereinafter as DOES when such identities become known.

13        8.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted
14  in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme,
15  business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally
16  attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer
17  and/or joint employer of Plaintiff and the Class Members.

18        9.     Venue as to each defendant is proper in this judicial district, pursuant to California Code
19  of Civil Procedure § 395. On information and belief, Defendants operate and are doing business as
20  "Lubrizol" in California and is doing business in Riverside County, and each defendant is within the
21  jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct
22  effect on Plaintiff and those similarly situated within the State of California. Defendants employ Class
23  Members in Riverside County and other counties throughout California.

24  **3.    FACTUAL BACKGROUND**

25        10.    Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt
26  production employees such as assemblers working on an assembly line within the meaning of the California
27  Labor Code and the implementing rules and regulations of IWC California Wage Orders. Defendants hire
28  hourly employees who work in non-exempt positions in the State of California. Defendants require these

<div align="center">-4-</div>

1  employees to work long mandatory overtime hours until production goals are met and to work through lawful
2  meal and rest breaks without receiving statutory compensation. The foregoing conduct allowed Defendants to
3  unfairly compete in the California consumer market.

4      11.    Plaintiff was employed as a "Quality Control" employee, which is an hourly, non-exempt
5  position working on an assembly line manufacturing medical tubing supplies for Defendants. Plaintiff
6  would often work eight (8) to twelve (12) hours per day and did not receive all of his meal and rest
7  periods due to Defendants' strict production demands. Further, although Plaintiff typically worked in
8  excess of ten (10) hours each day, he was not authorized to take a second meal period. Plaintiff was
9  paid a five percent (5%) "shift differential" when he worked the second shift (2:00 p.m. - 10:30 p.m.).
10  However, Lubrizol failed to calculate overtime rate correctly which lead to underpayment of wages
11  including overtime wages. Plaintiff's paychecks did not have a separate category for shift differential
12  pay and listed "Lubrizol" as the employer but his W2 identified "Extrumed Inc." as the employer which
13  causes confusion as to the true identity of the employer. As a result, Plaintiff who to contact, was
14  unable to understand how his pay was calculated or if he was paid properly for all hours worked.

15      12.    Plaintiff and the Defendants' non-exempt employees were directed, commanded, or suffered
16  and permitted to perform that work or that Defendant's company policy and practice pressured or required
17  employees to perform work while off-the-clock and Defendants knew or should have known that Plaintiffs
18  and class members were performing that work not properly paid for all wages earned and for all wages when
19  working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

20      13.    Plaintiff and the Defendants' non-exempt employees were not provided lawful meal periods,
21  and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

22          (a)    Class Members were not provided full thirty-minute duty free meal periods for work
23                  days in excess of five (5) hours and were not compensated one (1) hour's wages in
24                  lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the
25                  applicable Industrial Welfare Commission Wage Order(s);

26          (b)    Class Members were not provided a second full thirty-minute duty free meal period
27                  for work days in excess of ten (10) hours and were not compensated one (1) hour's
28                  wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and

-5-

**CLASS ACTION COMPLAINT**

1          the applicable Industrial Welfare Commission Wage Order(s);

2      (c)    Class Members were required to work through at least part of their daily meal

3            period(s); and

4      (d)    Class Members were restricted in their ability to take a full thirty-minute meal period.

5      (e)    Defendants did not comply with its obligation as an employer to permit and authorize

6            Plaintiff and its other non-exempt employees to be relieved of all duties during their

7            daily meal period.

8    14.    Plaintiff and the Defendants' non-exempt employees were not provided lawful rest periods,

9  and were not provided with one (1) hour's wages in lieu thereof, in one or more of the following manners:

10      (a)    Class Members were required to work without being provided a minimum ten (10)

11            minute rest period for every three and a half (3.5) hours worked and were not

12            compensated one (1) hour of pay at their regular rate of compensation for each

13            workday that a rest period was not provided; and

14      (b)    Class Members were restricted in their ability to take their full ten (10) minutes net

15            rest time.

16    15.    As a result of these illegal policies and practices, Defendants engaged in and enforced the

17  following additional unlawful practices and policies against Plaintiffs and the Class Members they seek to

18  represent:

19      (a)    failing to pay Class Members who either were discharged, laid off, or resigned in

20            accordance with the requirements of Labor Code §§ 201, 202, 203;

21      (b)    failing to pay Class Members; and

22      (c)    failing to provide and maintain accurate records of Class Members' earned wages and

23            meal periods in violation of Labor Code §§ 226 and 1174(d) and section 5 of the

24            applicable IWC Wage Orders.

25    16.    Defendants' non-exempt employees spend the majority of their time doing routine non-

26  discretionary tasks. These duties occupy more than fifty percent of their work time.

27    17.    At relevant times herein, the named Plaintiff and the Class Members were employed by

28  Defendants and were paid on an hourly basis.

18.     Plaintiff and the Defendants' employees were not paid for all hours worked, whether regular time or overtime, and/or at many times would work overtime hours. Said overtime and regular hours were worked by Plaintiff and the Class and not paid and Defendants intentionally failed to pay for those hours even though they were actually worked and recorded on their time keeping system.

19.     On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

20.     Defendants have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Defendants' non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and section 4 of the California Wage Orders. Defendants have failed to comply with Labor Code § 226(a) by accurately reporting total hours worked by Plaintiff and the Class Members. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

21.     Defendants have failed to comply with section 4 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

22.     The Fair Labor Standards Act: The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereinafter referred to as "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

4. **CLASS ALLEGATIONS**

23.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to California <u>Code of Civil Procedure</u> § 382.  Plaintiff seeks to represent Classes composed of and defined as follows:

**All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees.**

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a)     **Subclass 1. Unpaid Overtime Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid overtime for hours worked beyond eight (8) hours in a single day or for hours worked beyond 40 in a single week pursuant to applicable the <u>Labor Code</u> and applicable IWC <u>Wage Orders.</u>

(b)     **Subclass 1. Unpaid Wage Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid all hours worked pursuant to applicable <u>Labor Code</u> §§ 510, 511, 1174, 1174.5, 1194 and 1198.

(c)     **Subclass 1.2 Shift Differential Pay Subclass.**  All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid shift differential pay and/or did not have the shift differential pay properly calculated in the regular rate of pay for purposes of calculating the correct overtime rate pursuant to the <u>Labor Code.</u>

(d)     **Subclass 2.1  Meal Break Subclass 1.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> § 226.7 and § 512.

(e)     **Subclass 2.2  Meal Break Subclass 2.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who worked over ten (10) hours in a shift and did not receive a second meal period;

(f)     **Subclass 2.3  Meal Break Subclass 3.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who were required to sign meal waivers as a condition of

-8-

employment when hired by defendants.

(g)     **Subclass 2.4  Meal Break Subclass 4.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and, who signed meal waivers for the second meal and worked over 12 hours in a shift.

(h)     **Subclass 3.  Rest Period Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a rest period for every three and a half (3.5) hours worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to Labor Code § 226.7 and § 512.

(i)     **Subclass 4. Paystub Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each rate pursuant to Labor Code § 226 and 1174.

(j)     **Subclass    5.    Wages  Twice  Monthly  Subclass.**    All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages twice monthly pursuant to Labor Code § 204.

(k)     **Subclass 6. Failure to Pay Termination Pay Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages and applicable penalties due to them pursuant to the Labor Code and applicable IWC Wage Orders.

(l)     **Subclass 7. B&PC § 17200 Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, have worked as non-exempt employees and who were subjected to Defendant's unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

24.     Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

25.     This action has been brought and may properly be maintained as a class action under the provisions of the California Code of Civil Procedure 382 because there is a well-defined community of

· -9-

**CLASS ACTION COMPLAINT**

1  interest in the litigation and the proposed Classes are easily ascertainable.

2      **A.      Numerosity**

3          26.      The potential members of each Class as defined are so numerous that joinder of all the

4  members of the Class is impracticable. While the precise number of Class Members has not been

5  determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during

6  the relevant time periods employed, at least several hundred employees in positions as Defendants'

7  non-exempt employees in California, who are or have been affected by Defendants' unlawful practices

8  as alleged herein.

9          27.      Accounting for employee turnover during the relevant periods necessarily increases this

10  number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records

11  would provide information as to the number and location of all Class Members.  Joinder of all members

12  of the proposed Classes is not practicable.

13      **B.      Commonality**

14          28.      There are questions of law and fact common to each Class predominating over any questions

15  affecting only individual Class Members. These common questions of law and fact include, without

16  limitation:

17          (a)      Whether Defendants violated the <u>Labor Code</u>, the applicable IWC Wage Orders, and

18                  Cal. <u>Code of Regulations</u>, Title 8, section 11010 *et seq.* by failing to pay overtime

19                  after eight (8) hours of work in one day or forty (40) hours of work in one work week

20                  by forcing Plaintiff and class members to meet strict production goals;

21          (b)      Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, section 4 of the IWC

22                  Wage Orders, and Cal. Code of Regulations, Title 8, section 11010, 11010 *et seq.* by

23                  failing to provide a meal period to non-exempt employees on days they worked work

24                  periods in excess of five (5) hours and/or ten (10) hours worked and failing to

25                  compensate said employees one (1) hour of wages in lieu of meal periods;

26          (c)      Whether Defendants violated <u>Labor Code</u> § 226.7 and the IWC Wage Orders, and

27                  Cal. <u>Code of Regulations</u>, Title 8, section 11010 *et seq.* by failing to provide daily ten

28                  (10) minute rest periods to non-exempt employees for every three and a half (3.5)

**CLASS ACTION COMPLAINT**

hours and/or seven (7) hours worked and failing to compensate said employees one (1) hour of wages in lieu of rest periods;

(d) Whether Defendants violated <u>Labor Code</u> § 226, 226.3 and § 1174, 1174.5 and the IWC Wage Orders by failing to provide the correct name of the employer, proper calculation of wages and maintain accurate records of Class Members' earned wages and work periods;

(e) Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(f) Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq*. by failing to provide meal and rest periods without compensating non-exempt employees all wages, one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records;

(g) Whether Defendants properly paid the Class Members for shift differential pay and/or properly calculated the shift differential pay in the regular rate of pay for purposes of calculating the correct overtime rate;

(h) Whether Defendants violated § 17200 *et seq*. of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5 1194, 1198, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(i) Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq*.

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.   <u>Typicality</u>**

29.   The claims of the named Plaintiff are typical of the claims of the Class Members.

-11-

1  Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by

2  Defendants' common course of conduct in violation of California laws, regulations, and statutes as

3  alleged herein.

4  **D.    Adequacy of Representation**

5  30.    Plaintiff will fairly and adequately represent and protect the interests of the members of

6  each Class. The attorneys who represent Plaintiff are competent and experienced in litigating large

7  employment class actions.

8  **E.    Superiority of Class Action**

9  31.    A class action is superior to other available means for the fair and efficient adjudication

10  of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and

11  fact common to each Class predominate over any questions affecting only individual members of the

12  Class.   Each member of the Class has been damaged and is entitled to recovery by reason of

13  Defendants' unlawful policies and practices alleged in the Complaint.

14  32.    Class action treatment will allow those similarly situated persons to litigate their claims

15  in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is

16  unaware of any difficulties that are likely to be encountered in the management of this action that

17  would preclude its maintenance as a class action.

18  **5.    DELAYED DISCOVERY** .

19  33.    Defendants, as a prospective and actual employer of non-exempt, hourly manufacturing

20  employees, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding

21  Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly employees as

22  well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition,

23  Defendants knew they possessed special knowledge about pay practices and policies, most notably

24  intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants'

25  punch records and the consequence of any alleged arbitration agreements on the employees and class as a

26  whole.

27  34.    Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under

28  the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs

-12-

1   and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose

2   unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such

3   practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as

4   Plaintiffs discovered their claims.

5   **FIRST CAUSE OF ACTION**

6   **FOR FAILURE TO PAY WAGES UNDER THE FLSA**

7   **[FLSA 29 USC §§ 203, 206, 207]**

8   **(Against All Defendants)**

9       35.   Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege

10   and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though

11   fully set forth herein.

12       36.   At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or

13   in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

14       37.   Plaintiff is informed and believes, and thereon alleges, that Defendants have required the

15   Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less

16   than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

17       Every employer shall pay to each of his employees who in any workweek is engaged in

18   commerce or in the production of goods for commerce, or is employed in an enterprise engaged in
commerce or in the production of goods for commerce, wages at the following rates:

19       (1) except as otherwise provided in this section, not less than—

20       (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
    (B) $6.55 an hour, beginning 12 months after that 60th day; and

21       (C) $7.25 an hour, beginning 24 months after that 60th day;...

22       38.   Plaintiff is informed and believes, and thereon alleges, that Defendants required Plaintiff

23   and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours

24   per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

25       Except as otherwise provided in this section, no employer shall employ any of his employees

26       ... for a workweek longer than forty hours unless such employee receives compensation for his

27   employment in excess of the hours above specified at a rate which is not less than one and one-
half times the regular rate at which he is employed.

28

-13-

39.     In the performance of their duties for Defendants, Plaintiff and members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

40.     The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

41.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.

42.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

43.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

44.     As a result, Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES INCLUDING OVERTIME**

[CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]

**(Against All Defendants)**

45.     Plaintiff and the Plaintiff Classes re-allege and incorporate by reference, the paragraphs previously alleged in this Complaint.

46.     This claim is brought by Plaintiff, on behalf of himself and on behalf of the Plaintiff Classes and the subclasses thereof.

47.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014).

48.     Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight (8) hours in any work day, and/or more than forty hours in any workweek or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

49.     Labor Code § 1194 provides that an employee who has not been paid overtime compensation as required by Labor Code § 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action. The action may be maintained directly against the employer in his name without first filing a claim with the Department of Labor Standards and Enforcement.

50.     At all times relevant hereto, IWC Wage Order No. 1-2001 applied, and applies, to Plaintiff's employment with Defendants.

51.     At all times relevant hereto, IWC Wage Order No. 1-2001 (3)(A) provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours a day and/or forty (40) hours in a work week.

52.     At all times relevant hereto, IWC Wage Order No. 1-2001 (3)(A) provides for payment of overtime wage equal to one and one-half (1 ½) times an employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours on

-15-

**CLASS ACTION COMPLAINT**

1    the seventh (7th) consecutive day of work in a work week.

2       53.     At all times relevant hereto, IWC Wage Order No. 1-2001 (3)(A) provides for payment of
3    overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours
4    in any workday, and for all hours worked over eight (8) hours on the seventh (7th) consecutive day of work in
5    a work week.

6       54.     Defendants, and each of them, have intentionally and improperly failed to pay wages for all
7    hours worked including failing to pay for all shift differential pay, failed to add shift differential pay in the
8    regular rate for purposes of calculating overtime wages, that resulted in an underpayment of wages to Plaintiff
9    and the Class Members while benefiting Defendants and to avoid payment of overtime wages and other
10   benefits in violation of California Code of Regulations and the guidelines set forth by the Division of Labor
11   Standards and Enforcement.

12      55..     At all times relevant hereto, from time to time, Plaintiff and Class Members have worked
13   more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of
14   Defendants.

15      56.     At all times relevant hereto, from time to time, Plaintiff and Class Members have worked
16   more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive
17   workday in a workweek, as employees of Defendants.

18      57.     At all times relevant hereto, the Defendants, and each of them, failed to pay to Plaintiff and
19   Class Members overtime compensation for the hours they have worked in excess of the maximum hours
20   permissible by law as required by Labor Code §§ 1194, 1197 and 1198 and the provisions of IWC Order No.
21   1-2001, as amended Cal. Code of Regulations Title 8 § 11010.

22      58.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and
23   Class Members for overtime hours, Plaintiff and the Plaintiff Classes have suffered, and will continue to
24   suffer, damages in amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional
25   limits of this Court and which will be ascertained according to proof at trial.

26      59.     Plaintiff is informed and believes, and based upon that information and belief allege, that
27   Defendants, and each of them, knew or should have known that non-exempt, hourly employees did not qualify
28   as exempt employees and purposely elected not to pay Plaintiff and all other non-exempt, hourly employees

1  for their overtime labor.

2      60.      Defendants, and each of them, acted intentionally, oppressively and maliciously toward
3  Plaintiff and similarly situated non-exempt, hourly employees with a conscious disregard of the Plaintiff and
4  Plaintiff Classes' rights, or the consequences suffered by Plaintiff and Plaintiff Classes, with the intent of
5  depriving the Plaintiff and Plaintiff Classes of property and legal rights and otherwise causing Plaintiff and
6  Plaintiff Classes injury.

7      61.      Plaintiff individually, and on behalf of members of the Plaintiff Classes, request recovery of
8  overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code §§ 218.5
9  and 1194(a), as well as the assessment of any statutory penalties against these Defendants, and each of them,
10  and any additional sums as provided by the Labor Code and/or other statutes.

11      62.      Further, Plaintiff and the Plaintiff Classes are entitled to seek and recover reasonable
12  attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

13                          **THIRD CAUSE OF ACTION**
14                  **FOR FAILURE TO PROVIDE MEAL PERIODS**
15      [CALIFORNIA LABOR CODE §§ 226.7 and 512, and CODE OF REGULATIONS, Title 8, § 11010]
16                          **(Against All Defendants)**

17      63.      Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as
18  though fully set forth herein, the paragraphs previously alleged in this Complaint.

19      64.      This claim is brought by Plaintiff, on behalf of himself and on behalf of the Plaintiff Classes
20  and the subclasses thereof.

21      65.      Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11010(11)(A), provides
22  that no employer shall employ any person for a work period of more than five (5) hours without a meal period
23  of not less than thirty (30) minutes.

24      66.      Labor Code § 226.7 and Cal. Code of Regulations, Title 8, § 11010(11)(B) provides that if an
25  employer fails to provide an employee a meal period in accordance with this section, the employer shall pay
26  the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the
27  meal period is not provided.

28      67.      Defendants failed to provide Plaintiff and Plaintiff Class with meal periods, as employees

-17-

**CLASS ACTION COMPLAINT**

1  were always scheduled to work alone, and thus, had no opportunity to take an uninterrupted meal period as

2  required by the Labor Code.

3       68.    Defendants, and each of them, have intentionally and improperly denied meal periods to the

4  Plaintiff Classes in violation of Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, §

5  11010(11)(A) and other regulations and statutes.

6       69.    At all times relevant hereto, Plaintiff and the Plaintiff Classes have worked more than five (5)

7  hours in a workday.

8       70.    At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods

9  as required by Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11010(11)(A).

10       71.    By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff and the

11  Plaintiff Classes, Plaintiff and the Plaintiff Classes have suffered, and will continue to suffer, damages in

12  amounts which are presently unknown to Plaintiff, but which exceed the jurisdictional limits of this Court and

13  which will be ascertained according to proof at trial.

14       72.    The Plaintiff Classes are informed and believe, and based upon that information and belief

15  allege, that Defendants, and each of them, purposely elected not to provide meal periods.

16       73.    Defendants, and each of them, acted intentionally, oppressively and maliciously toward

17  Plaintiff and the Plaintiff Classes with a conscious disregard of their rights, or the consequences to Plaintiff

18  and the Plaintiff Classes, with the intent of depriving them of property and legal rights and otherwise causing

19  Plaintiff and the Plaintiff Classes injury. Plaintiff, individually, and on behalf of the Plaintiff Classes, requests

20  recovery of meal period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8,

21  §11010(11)(B), as well as the assessment of any statutory penalties against these Defendants, and each of

22  them, in a sum as provided by the Labor Code and other statutes.

23  <center>**FOURTH CAUSE OF ACTION**</center>

24  <center>**FOR FAILURE TO PROVIDE REST PERIODS**</center>

25  <center>[CALIFORNIA LABOR CODE §§ 226.7 and 512, and CODE OF REGULATIONS, Title 8, §11010]</center>

26  <center>**(Against All Defendants)**</center>

27       74.    Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference the

28  paragraphs previously alleged in this Complaint.

<center>-18-</center>

75.   Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(A), provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

76.   Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(B), provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

77.   Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Plaintiff Classes in violation of Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, § 11010(12)(A).

78.   At all times Plaintiff and the Plaintiff Classes, have worked more than four hours in a workday.

79.   At all times the Defendants, and each of them, failed to provide rest periods as required by Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(A).

80.   By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and Plaintiff Classes, Plaintiff and Plaintiff Classes have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and Plaintiff Classes, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

81.   Plaintiff and the Plaintiff Classes are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff was entitled to rest periods and purposely elected not to provide rest periods.

82.   Defendants, and each of them, acted intentionally toward Plaintiff and the Plaintiff Classes with a conscious disregard of their rights with the intent of depriving Plaintiff and the Plaintiff Classes of property and legal rights and otherwise causing the Plaintiff Classes injury.

83.   Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

-19-

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO FURNISH ITEMIZED STATEMENTS**

**[CALIFORNIA LABOR CODE §§ 226, 1174]**

**(Against All Defendants)**

84.     Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

85.     This claim is brought by Plaintiff, on behalf of himself and on behalf of the Plaintiff Classes and the subclasses thereof.

86.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

87.     As a result of Defendants' conduct, Plaintiff and the Plaintiff Classes have suffered injury in that, among other things, the lack of the required information hindered him from determining the amount of wages owed to them and led them him to believe they were not entitled to be paid wages for overtime, missed meal and rest breaks, or for each hour of labor they performed, although he was so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff and the Plaintiff Classes entitlement to state benefits is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and he is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff and the Plaintiff Classes have suffered injury because his legal

-20-

1 | right to receive accurate wage statements was violated.

2 |      88.    Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and
3 | intentional failure to provide them with the wage and hour statements as required by law and are
4 | presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants
5 | have failed to provide a wage statement, failed to provide accurate and complete information as
6 | required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and
7 | Class Members cannot promptly and easily determine from the wage statement alone one or more of
8 | the following: (i) The amount of the gross wages or net wages paid to the employee during the pay
9 | period or any of the other information required to be provided on the itemized wage statement pursuant
10 | to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made
11 | from gross wages to determine the net wages paid to the employee during the pay period, (iii) The
12 | name and address of the employer and, (iv) The name of the employee and only the last four digits of
13 | his or him social security number or an employee identification number other than a social security
14 | number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable
15 | person [i.e. an objective standard] would be able to readily ascertain the information without reference
16 | to other documents or information.

17 |      89.    Plaintiff and the Plaintiff Classes are entitled to the amounts provided in Labor Code
18 | § 226(e), plus costs and attorneys' fees. The failure to provide accurate itemized wage statements entitles
19 | Plaintiff to statutory and civil penalties provided in Labor Code §§ 226.3, and 558.

20 | <div align="center">**SIXTH CAUSE OF ACTION**</div>

21 | <div align="center">**FOR FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY**</div>

22 | <div align="center">**[CALIFORNIA LABOR CODE § 204]**</div>

23 | <div align="center">**(Against All Defendants)**</div>

24 |      90.    Plaintiff and the Plaintiff Classes re-allege and incorporate by reference, as though fully set
25 | forth herein, the paragraphs previously alleged in this Complaint.

26 |      91.    Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

27 |      92.    The wages required by Labor Code §§ 226.7 and 1194 became due and payable to each
28 | employee in each month that he or she was not provided with a meal period or rest period or paid straight or

1 | overtime wages to which he or she was entitled.

2 |       93.    Defendants violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due under the

3 | <u>Labor Code</u>.

4 |       94.    As a result of the unlawful acts of Defendants, Plaintiff and the Plaintiff Classes he  seeks to

5 | represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of

6 | such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> §§ 218.5

7 | and 1194 and an injunction pursuant to <u>Labor Code</u> § 1194.5 to cease this conduct.

8 | **SEVENTH CAUSE OF ACTION**

9 | <u>**FOR FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT**</u>

10 | **[CALIFORNIA LABOR CODE §§ 201-203]**

11 | **(Against Defendants and DOES 1 through 100)**

12 |       95.    Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by

13 | reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

14 |       96.    Plaintiff and many of the Class Members quit or were discharged from their employment with

15 | Defendants within the applicable statute of limitations.

16 |       97.    However, Defendants failed to pay them without abatement, all wages as defined by

17 | applicable California law. Among other things, these employees were not paid any of the overtime

18 | compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the

19 | required time was willful within the meaning of <u>Labor Code</u> § 203.

20 |       98.    Therefore, each of these employees is entitled to one day's wages for each day he or she was

21 | not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee.  Since

22 | none of the employees were ever paid the overtime wages to which they were entitled, as referred to in this

23 | Complaint, each of the employees is entitled to thirty (30) days of wages.

24 |       99.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Plaintiff seeks to

25 | represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of

26 | such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to the California <u>Labor</u>

27 | <u>Code</u>.

28 |

**CLASS ACTION COMPLAINT**

**EIGHTH CAUSE OF ACTION**

**FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES**

[CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

**(Against All Defendants)**

100.    Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

101.    This claim is brought by Plaintiff, on behalf of himself and on behalf of the Plaintiff Classes and the subclasses thereof.

102.    At all times relevant hereto, from time to time, the Plaintiff Classes have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Plaintiff Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

103.    At all times relevant hereto, from time to time, Plaintiff and Class Members have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Plaintiff Classes have had their hours adjusted, changed and/or modified to not reflect their actual number of hours worked per day and per pay period.

104.    At all times relevant hereto, from time to time, Plaintiff and the Plaintiff Classes have been denied meal breaks by Defendants.

105.    At all times relevant hereto, from time to time, Plaintiff and the Plaintiff Classes have been denied rest breaks by Defendants.

106.    Defendants are "persons" as defined under of Business & Professions Code § 17021.

107.    Since at least **August 2014** and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq.*, and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

-23-

108.   Defendants, as set forth herein engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

    (a)   The fact that Defendants required non-exempt, hourly employees to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

    (b)   The fact that Defendants required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

    (c)   The fact that Defendants adjusted, altered and/or changed time and/or pay schedules to reflect that they had not worked all straight time hours;

    (d)   The that Defendants required non-exempt, hourly employees to work more than forty (40) hours per week and then adjusted, altered and/or changed the end date, or day, of the pay period to reflect that they had not worked overtime hours;

    (e)   The fact that Defendants  required non-exempt, hourly employees to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

    (f)   The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

    (g)   The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class for all hours worked including failing to accurately pay shift differential pay and failing to incorporate shift differential pay into the regular rate of pay for calculating overtime wages;

    (h)   The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked;

    (i)   The fact that employees who complained about these practices were terminated from their employment and not paid all wages and penalties dude;

    (j)   The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class

-24-

1                       as they failed to calculate overtime rate correctly which lead to underpayment

2                       of wages including overtime wages;

3          (k)    The fact that Defendants' activities related to their failure to disclose material and

4                       relevant information constitutes violations of <u>Business & Professions Code</u> § 17200;

5                       and,

6          (l)    The fact that non-exempt, hourly employees employed by Defendants are entitled to

7                       overtime wages, as required by <u>Labor Code</u> §§ 1194 and 1198.  The failure to pay

8                       overtime wages is "unlawful" pursuant to Cal. of <u>Business & Professions Code</u>

9                       §§17200, *et seq.*

10         (m)    The fact that Defendant's conduct constitutes unlawful business acts and practices by

11                       violating California law including, but not limited to, <u>Labor Code</u> §§ 201, 202, 203,

12                       218, 218.6, 226, 226.3 226.7, 512, 1174, 1174.5, 1194, 1198,  and 2699 ("PAGA") as

13                       well as the applicable Wage Order.

14       109.   Defendants, and each of them, have under reported to state authorities wages earned by non-

15 exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds,

16 unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature

17 and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under

18 of <u>Business & Professions Code</u> §§ 17000, *et seq.* and 17200, *et seq.*

19       110.   Pursuant to of <u>Business & Professions Code</u> §§ 17071 and 17075, the failure of Defendants,

20 and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of

21 Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

22       111.   Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading.  Non-exempt,

23 hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

24       112.   As a direct and proximate result of these acts and omissions, Plaintiff, is informed and

25 believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able

26 to unfairly compete with other comparable facilities in the state of California by not paying overtime and

27 wages in violation of <u>Business & Professions Code</u> Chapters 4 and 5, *et al.*  Due to this unfair business

28 practice, Defendants have been able to charge lower prices for its goods and services than the prices charged

**CLASS ACTION COMPLAINT**

1 | by other comparable companies doing business in the state of California.

2 |     113.    The victims of this unfair business practice include, but are not limited to, all non-exempt,
3 | hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

4 |     114.    Plaintiff is informed and believes, and based upon that information and belief alleges, that
5 | Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair
6 | competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general
7 | public.

8 |     115.    By and through the conduct described above, Plaintiff, and all non-exempt, hourly employees,
9 | has been deprived of the right to be paid overtime compensation earned by virtue of employment with the
10 | Defendants at regular intervals, in accordance with the requirements of Labor Code §§ 200-203, 204, 1197,
11 | and 1198 among others.

12 |     116.    By and through their unfair, unlawful and/or fraudulent business practices described herein,
13 | Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly
14 | situated, and has deprived Plaintiff, and all non-exempt, hourly employees of valuable rights and benefits
15 | guaranteed by law, all to their detriment.

16 |     117.    Plaintiff and the Plaintiff Classes have injury-in-fact as a result of Defendants' conduct.
17 | Moreover, Plaintiff and the Plaintiff Classes have lost money as a direct result of Defendants' unfair, unlawful,
18 | deceptive and fraudulent conduct.

19 |     118.    All of the acts described herein as violations of, among other things, the Cal. Labor Code and
20 | Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition
21 | are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful
22 | and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

23 |     119.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and
24 | does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of
25 | which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent
26 | business practices. Plaintiff, and the members of the Plaintiff Classes, is not obligated to establish individual
27 | knowledge of the unfair practices of Defendants in order to recover restitution.

28 |

**CLASS ACTION COMPLAINT**

120.  Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

121.  Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

122.  Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages and provide uninterrupted meal periods and rest breaks to non-exempt, hourly employees.  In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

123.  Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

124.  Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq.*

125.  As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

-27-

**NINTH CAUSE OF ACTION**

**FOR VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT**

**[CALIFORNIA LABOR CODE §§ 2698 and 2699]**

**(Against All Defendants)**

126.    Plaintiff, on behalf of himself and all other similarly aggrieved employees, re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

127.    As a result of the previously alleged policies and practices, including violations of the sections of the California Labor Code alleged above, Plaintiff seeks penalties under Labor Code §§ 2698 and 2699.

128.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendants for violations of Labor Code §§ 226.7 and 512. As prescribed by the Labor Code, on **May 31, 2018** Plaintiff gave written notice by letter to the LWDA via online submission of Plaintiff's allegations of Defendants' violations of the Labor Code. (See Labor Code 2699.3(a)(1).) and sent a copy of the letter via certified mail to Defendants. It has been more than 65 days since notice was given and the LWDA has not elected to investigate Plaintiff's complaints. Therefore, Plaintiff may proceed and may include in the Complaint a claim for penalties pursuant to Labor Code §§ 2699, et seq.

129.    Plaintiff, for himself and on behalf of all other similarly situated current and former employees of Defendants, seeks civil penalties in the amount of:

　　　　　　　(a)    one hundred dollars ($100.00) for each of the first violation per employee, per pay period, and;

　　　　　　　(b)    two hundred dollars ($200.00) for each subsequent violation of each such provision, per employee, per pay period.

　　　　　　　(c)    For their failure to provide uninterrupted off-duty meal and rest periods, Defendants are liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal periods were not provided. Defendants are also liable for civil penalties pursuant to

-28-

Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiffs were not provided proper meal and rest breaks; and for each subsequent violation $100.00 for each Plaintiff for each pay period during which the Plaintiffs were not provided proper meal and rest breaks.

(d)     For Defendants' failure to pay wages due, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs. Defendants are also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all earned wages; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all wages.

(e)     For Defendants' failure to furnish accurate wage statements, Plaintiffs are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00. Defendants are additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

(f)     For Defendants' failure to keep accurate payroll records, Defendants are liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

130.     These penalties will be allocated 75% to the Labor Workforce Development Agency ("LWDA") and 25% to the affected employees.

131.     As Labor Code § 558 authorizes the award of a civil penalty for violating Labor Code §§ 500-556 (which includes both meal and rest period premiums and overtime) that include "an amount sufficient to recover underpaid wage," Plaintiff is entitled to recover these wages as a penalty in a private lawsuit under PAGA in addition to civil penalties.

132.     Plaintiff further demands reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code §§ 2699(g)(1).

-29-

## **PRAYER**

WHEREFORE, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION:**

    (a)    For Facilitated Notice under 29 USC § 216(b);

    (b)    For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*

    (c)    Conditional and Final Certification of a Collective Action;

    (d)    For interest on any compensatory damages; and

    (e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

    (a)    For compensatory damages according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For statutory penalties and attorneys fees; and

    (e)    Waiting period wages and penalties.

**ON THE THIRD CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For other appropriate relief as provided by law.

**ON THE FOURTH CAUSE OF ACTION:**

    (a)    For statutory penalties, including one hour of pay for each workday in which a lawful rest period were not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For other appropriate relief as provided by law

**ON THE FIFTH CAUSE OF ACTION:**

(a)    For statutory penalties;

(b)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(c)    For attorneys' fees and costs.

**ON THE SIXTH CAUSE OF ACTION:**

(a)    For statutory penalties;

(b)    For compensatory damages and interest thereon for actual harm caused;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

(d)    For attorneys' fees and costs Labor Code §§ 218.5 and 1194; and

(e)    For an injunction pursuant to Labor Code § 1194.5 to cease this conduct.

**ON THE SEVENTH CAUSE OF ACTION:**

(a)    For statutory penalties;

(b)    For penalty enhancements for willful conduct;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For attorneys' fees and costs.

**ON THE EIGHTH CAUSE OF ACTION:**

(a)    For the equitable, injunctive and declaratory relief requested;

(b)    Treble damages;

(c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)    For disgorgement of profits.

**ON THE NINTH CAUSE OF ACTION:**

(a)    That Defendants be ordered to pay civil penalties pursuant to violations of Labor Code §§ 2698 and 2699, in the amount of $100 for the first violation per employee per pay

-31-

1   period, and $200 for subsequent violations per employee per pay period to be

2   allocated 75% to the LWDA and 25% to the affected employees.

3       (b)   For reasonable attorney's fees and costs as allowed by statute.

4   **ON ALL CAUSES OF ACTION:**

5       (a)   For reasonable attorneys' fees;

6       (b)   For costs of suit; and,

7       (c)   For such other and further relief as this Court may deem just and proper.

8

9   Dated: August 6, 2018                     **QUINTILONE & ASSOCIATES**

10

11                                By: _____

12                                   RICHARD E. QUINTILONE II,
    GEORGE A. ALOUPAS

13                                   Attorneys for Plaintiff, NGHIA PHUOC KIEU
    individually and on behalf of all other employees

14                                   similarly situated

15   <div align="center">**DEMAND FOR JURY TRIAL**</div>

16   Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

17   Dated: August 6, 2018                     **QUINTILONE & ASSOCIATES**

18

19                                By: _____

20                                     RICHARD E. QUINTILONE II,
    GEORGE A. ALOUPAS

21                                     Attorneys for Plaintiff, NGHIA PHUOC KIEU
    individually and on behalf of all other employees

22                                   similarly situated

23

24

25

26

27

28

<div align="center">-32-</div>

<div align="center">**CLASS ACTION COMPLAINT**</div>