1  SAGE R. KNAUFT, State Bar No. 194396
   sknauft@wfbm.com
2  REYNA E. MACIAS, State Bar No. 247809
   rmacias@wfbm.com
3  WFBM, LLP
   One City Boulevard West, Fifth Floor
4  Orange, California 92868-3677
   Telephone:   (714) 634-2522
5  Facsimile:    (714) 634-0686

6  Attorneys for Defendants LUBRIZOL
   ADVANCED MATERIALS, INC. and
7  EXTRUMED, INC.

8           **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11 NGHIA PHUOC KIEU, an individual,        Case No. 5:18-CV-02010-CVW (SPx)
    on behalf of himself, and on behalf of
12 all other employees similarly situated,  **JOINT ANSWER OF
                                            DEFENDANTS, LUBRIZOL
13          Plaintiff,                       ADVANCED MATERIALS, INC.
                                            AND EXTRUMED, INC.**
14          v.
                                            Hon.:    Stephen V. Wilson
15 LUBRIZOL ADVANCED
    MATERIALS, INC, a Delaware              Trial Date:          Not Set
16 Corporation; EXTRUMED INC. dba
    VESTA; a California Corporation; and
17 DOES I through 100; inclusive,

18          Defendants.

19

20 _____

21        Defendants, Lubrizol Advanced Materials, Inc. ("Lubrizol") and ExtruMed,

22 Inc. (collectively, "Defendants"), hereby answer the Class Action Complaint filed

23 by Plaintiff, Nghia Phuoc Kieu, as follows.

24                          **GENERAL DENIAL**

25        Defendants deny generally and specifically each and every allegation of

26 Plaintiff's Class Action Complaint and further deny that Plaintiff has been damaged

27 in the manner or amount alleged, or in any manner or amount by reason of any act

28 or omission to act by Defendants, and that Plaintiff is entitled to any of the remedies

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

1  requested.

2  **ANSWER**

3  **INTRODUCTION**

4      1.      Paragraph 1 of the Class Action Complaint does not state any allegation

5  against Defendants.

6      2.      Defendants deny the allegations in Paragraph 2 of the Class Action

7  Complaint.

8      3.      Paragraphs 3 and 4 of the Class Action Complaint do not state any

9  allegation against Defendants.

10  **PARTIES**

11      4.      In response to Paragraph 5 of the Class Action Complaint, Defendants

12  admit that Plaintiff was employed by ExtruMed as a non-exempt employee in

13  California, deny that Lubrizol employed Plaintiff or any potential class members,

14  and deny any remaining allegations for want of knowledge or information sufficient

15  to form a belief as to their truth.

16      5.      In response to Paragraph 6 of the Class Action Complaint, Defendants

17  admit that ExtruMed operates a manufacturing facility in Riverside County,

18  California, that ExtruMed manufactures medical devices, and that ExtruMed sells its

19  products to various manufacturers throughout the United States.  Defendants deny

20  that Lubrizol owns any facility in Riverside County, California, that Lubrizol

21  manufactures or sells medical devices, and/or that Lubrizol sells medical devices in

22  California or elsewhere.  Defendants deny any remaining allegations for want of

23  knowledge or information sufficient to form a belief as to their truth.

24      6.      Defendants deny the allegations in Paragraph 7 of the Class Action

25  Complaint for want of knowledge or information sufficient to form a belief as to

26  their truth.

27      7.      Defendants deny the allegations in Paragraph 8 of the Class Action

28  Complaint.

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

8.      In response to Paragraph 9 of the Class Action Complaint, Defendants admit that ExtruMed operates a facility in Riverside County, California and employs non-exempt employees at that facility.  Defendants deny that Lubrizol operates any facility in Riverside County, California, that Lubrizol employs any employees in Riverside County, California, that Defendants committed any unlawful acts, and/or that Plaintiff was harmed by any acts of Defendants.  Defendants deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

## FACTUAL BACKGROUND

9.      In response to Paragraph 10 of the Class Action Complaint, Defendants admit that Plaintiff was employed by ExtruMed as a non-exempt employee. Defendants deny the remaining allegations.

10.      In response to Paragraph 11 of the Class Action Complaint, Defendants admit that Plaintiff was employed by ExtruMed as a non-exempt "quality control" employee and that Plaintiff was paid a 5% shift differential when he worked second shift.  Defendants deny the remaining allegations.

11.      Defendants deny the allegations in Paragraphs 12 through 15 of the Class Action Complaint.

12.      In response to Paragraph 16 of the Class Action Complaint, Defendants deny that ExtruMed's non-exempt employees all perform the same tasks and therefore deny Plaintiff's attempt to generalize the work activities of a diverse set of employees without specification.  Defendants deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

13.      In response to Paragraph 17 of the Class Action Complaint, Defendants admit that Plaintiff was employed by ExtruMed on an hourly basis, deny that Plaintiff was employed by Lubrizol, and deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

14.      Defendants deny the allegations in Paragraphs 18 through 21 of the

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

Class Action Complaint.

15.    Paragraph 22 of the Class Action Complaint does not state any allegation against Defendants.

### CLASS ALLEGATIONS

16.    Paragraphs 23 and 24 of the Class Action Complaint do not state any allegation against Defendants.

17.    Defendants deny the allegations in Paragraphs 25 and 26 of the Class Action Complaint.

18.    In response to Paragraph 27 of the Class Action Complaint, Defendants admit they maintain employment records and deny any remaining allegations.

19.    Defendants deny the allegations in Paragraphs 28 through 32 of the Class Action Complaint.

20.    In response to Paragraph 33 of the Class Action Complaint, Defendants deny that they failed to inform their employees about the "true facts surrounding Defendants' pay practices, policies, and working conditions" and/or that they had any "special knowledge" unknown to their employees. Defendants deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

21.    In response to Paragraph 34 of the Class Action Complaint, Defendants deny that any applicable statute of limitations period has been tolled and deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

### **FIRST CAUSE OF ACTION**

22.    In response to Paragraph 35 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 21 hereof as if fully rewritten herein.

23.    Defendants admit the allegations in Paragraph 36 of the Class Action Complaint.

24.    In response to Paragraph 37 of the Class Action Complaint, Defendants

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

4623921.1
4914-3.4908

JOINT ANSWER OF DEFENDANTS, LUBRIZOL ADVANCED MATERIALS, INC. AND EXTRUMED, INC.

1  admit that Plaintiff has accurately quoted 29 U.S.C. § 206(a)(1) and deny any

2  remaining allegations.

3      25.    In response to Paragraph 38 of the Class Action Complaint, Defendants

4  admit that Plaintiff has accurately quoted 29 U.S.C. § 207(a)(1) and deny any

5  remaining allegations.

6      26.    Defendants deny the allegations in Paragraphs 39 and 40 of the Class

7  Action Complaint.

8      27.    In response to Paragraph 41 of the Class Action Complaint, Defendants

9  admit that the Fair Labor Standards Act (FLSA) imposes certain record-keeping

10 obligations on certain employers and deny any remaining allegations.

11     28.    In response to Paragraph 42 of the Class Action Complaint, Defendants

12 deny that any employees were aggrieved and deny any remaining allegations for

13 want of knowledge or information sufficient to form a belief as to their truth.

14     29.    Defendants deny the allegations in Paragraph 43 of the Class Action

15 Complaint.

16     30.    In response to Paragraph 44 of the Class Action Complaint, Defendants

17 deny that any employees were aggrieved and/or that any employees are similarly-

18 situated to Plaintiff.  Defendants deny any remaining allegations for want of

19 knowledge or information sufficient to form a belief as to their truth.

20 **SECOND CAUSE OF ACTION**

21     31.    In response to Paragraph 45 of the Class Action Complaint, Defendants

22 incorporate by reference Paragraphs 1 through 30 hereof as if fully rewritten herein.

23     32.    Paragraph 46 of the Class Action Complaint does not state any

24 allegation against Defendants.

25     33.    Paragraphs 47 through 53 of the Class Action Complaint purport to

26 state Plaintiff's interpretations of California law and do not state any allegation

27 against Defendants.  The statutes speak for themselves and Defendants neither admit

28 nor deny Plaintiff's characterization of the language of those statutes.  Defendants

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

1   deny any remaining allegations.

2   34.   Defendants deny the allegations in Paragraph 54 of the Class Action
3   Complaint.

4   35.   In response to Paragraphs 55 and 56 of the Class Action Complaint,
5   Defendants admit that certain of ExtruMed's non-exempt employees have, from
6   time to time, worked overtime and deny any remaining allegations.

7   36.   Defendants deny the allegations in Paragraphs 57 through 62 of the
8   Class Action Complaint.

9   **THIRD CAUSE OF ACTION**

10   37.   In response to Paragraph 63 of the Class Action Complaint, Defendants
11   incorporate by reference Paragraphs 1 through 36 hereof as if fully rewritten herein.

12   38.   Paragraph 64 of the Class Action Complaint does not state any
13   allegation against Defendants.

14   39.   Paragraphs 65 and 66 of the Class Action Complaint purport to state
15   Plaintiff's interpretations of California law and do not state any allegation against
16   Defendants.  The statutes speak for themselves and Defendants neither admit nor
17   deny Plaintiff's characterization of the language of those statutes.  Defendants deny
18   any remaining allegations.

19   40.   Defendants deny the allegations in Paragraphs 67 and 68 of the Class
20   Action Complaint.

21   41.   In response to Paragraph 69 of the Class Action Complaint, Defendants
22   admit that certain of ExtruMed's non-exempt employees have more than five hours
23   in a workday and deny any remaining allegations.

24   42.   Defendants deny the allegations in Paragraphs 70 through 73 of the
25   Class Action Complaint.

26   **FOURTH CAUSE OF ACTION**

27   43.   In response to Paragraph 74 of the Class Action Complaint, Defendants
28   incorporate by reference Paragraphs 1 through 42 hereof as if fully rewritten herein.

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

44.     Paragraphs 75 and 76 of the Class Action Complaint purport to state Plaintiff's interpretations of California law and do not state any allegation against Defendants.  The statutes speak for themselves and Defendants neither admit nor deny Plaintiff's characterization of the language of those statutes.  Defendants deny any remaining allegations.

45.     Defendants deny the allegations in Paragraph 77 of the Class Action Complaint.

46.     In response to Paragraph 78 of the Class Action Complaint, Defendants admit that certain of ExtruMed's non-exempt employees have worked more than four hours in a workday and deny any remaining allegations.

47.     Defendants deny the allegations in Paragraphs 79 through 83 of the Class Action Complaint.

## FIFTH CAUSE OF ACTION

48.     In response to Paragraph 84 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 47 hereof as if fully rewritten herein.

49.     Paragraph 85 of the Class Action Complaint does not state any allegation against Defendants.

50.     Defendants deny the allegations in Paragraphs 86 through 89 of the Class Action Complaint.

## SIXTH CAUSE OF ACTION

51.     In response to Paragraph 90 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 50 hereof as if fully rewritten herein.

52.     Paragraphs 91 and 92 of the Class Action Complaint purport to state Plaintiff's interpretations of California law and do not state any allegation against Defendants.  The statutes speak for themselves and Defendants neither admit nor deny Plaintiff's characterization of the language of those statutes.  Defendants deny any remaining allegations.

53.     Defendants deny the allegations in Paragraphs 93 and 94 of the Class

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

4623921.1
4914-3.4908

JOINT ANSWER OF DEFENDANTS, LUBRIZOL ADVANCED MATERIALS, INC. AND EXTRUMED, INC.

Action Complaint.

## SEVENTH CAUSE OF ACTION

54.     In response to Paragraph 95 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 53 hereof as if fully rewritten herein.

55.     In response to Paragraph 96 of the Class Action Complaint, Defendants admit that Plaintiff was terminated for cause and deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

56.     Defendants deny the allegations in Paragraphs 97 through 99 of the Class Action Complaint.

## EIGHTH CAUSE OF ACTION

57.     In response to Paragraph 100 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 56 hereof as if fully rewritten herein.

58.     Paragraph 101 of the Class Action Complaint does not state any allegation against Defendants.

59.     In response to Paragraphs 102 and 103 of the Class Action Complaint, Defendants admit that certain of ExtruMed's non-exempt employees have, from time to time, worked overtime and deny any remaining allegations.

60.     Defendants deny the allegations in Paragraphs 104 and 105 of the Class Action Complaint.

61.     Defendants admit the allegations in Paragraph 106 of the Class Action Complaint.

62.     Defendants deny the allegations in Paragraphs 107 through 122 of the Class Action Complaint.

63.     In response to Paragraphs 123 through 125 of the Class Action Complaint, Defendants deny that they committed any wrongful acts, that Plaintiff is seeking to enforce any right affecting the public interest, and/or that any such relief is appropriate.

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

## NINTH CAUSE OF ACTION

64.     In response to Paragraph 126 of the Class Action Complaint, Defendants incorporate by reference Paragraphs 1 through 63 hereof as if fully rewritten herein.

65.     In response to Paragraph 127 of the Class Action Complaint, Defendants deny that they committed any wrongful acts and/or that any such relief is appropriate.

66.     In response to Paragraphs 128 of the Class Action Complaint, Defendants deny that Plaintiff has met all administrative requirements and deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

67.     In response to Paragraphs 129 and 130 of the Class Action Complaint, Defendants deny that they committed any wrongful acts and/or that any such relief is appropriate.

68.     In response to Paragraph 131 of the Class Action Complaint, Defendants admit that the California Labor Code authorizes certain penalties, deny that they committed any wrongful acts, and deny any remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

69.     In response to Paragraph 132 of the Class Action Complaint, Defendants deny that they committed any wrongful acts and/or that any such relief is appropriate.

## AFFIRMATIVE DEFENSES

1.     The Class Action Complaint fails to state a claim against Defendants upon which relief can be granted.

2.     Plaintiff's claims are barred by the doctrine of unclean hands.

3.     Plaintiff's claims are barred because he has waived any right to recover any relief.

4.     Plaintiff's claims are barred because Plaintiff is estopped from

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

1  recovering any relief pursuant to his Class Action Complaint.

2      5.      Plaintiff's claims are barred by the doctrine of laches because Plaintiff

3  is guilty of undue delay in filing and prosecuting this suit.

4      6.      Plaintiff's claims are barred by Plaintiff's failure to exhaust all

5  administrative remedies available to him under state and federal law.

6      7.      Plaintiff's claims are barred to the extent they differ or vary from the

7  allegations contained within any administrative complaint filed with an appropriate

8  administrative agency.

9      8.      Plaintiff's claims are barred because Defendants performed consistent

10  with all of their legal, contractual, and administrative obligations.

11      9.      Plaintiff's Fair Labor Standards Act (FLSA) claim is barred because

12  Defendants acted in good faith and in conformity with, and in reliance on, written

13  administrative regulations, orders, rulings, approvals, or interpretations of the

14  Administrator of the Wage and Hour Division of the Department of Labor and/or

15  decisions of the federal courts.

16      10.      Plaintiff's FLSA claim is barred because Defendants, as a matter of

17  law, are not responsible for employees' failures to take breaks available to them

18  and/or properly certify their time.

19      11.      Plaintiff's FLSA claim is barred or reduced because Defendants are

20  entitled to a set-off equal to the amount they overpaid Plaintiff.

21      12.      Plaintiff is not entitled to liquidated damages, even if he can prove a

22  violation of law, because any acts or omissions giving rise to Plaintiff's claim were

23  undertaken or made in good faith, and Defendants had reasonable grounds for

24  believing that their actions or omissions did not violate the law.

25      13.      Any collective action claims fail because Plaintiff has no cognizable

26  legal claim.

27      14.      Any collective action claims fail because Defendants paid each non-

28  exempt employee for the hours each employee certified and not according to any

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

uniform policy governing pay provisions.

15.　Any collective action claims fail due to the lack of a uniform illegal policy.

16.　Any collective action claims fail because the proposed class includes persons who are not similarly-situated to Plaintiff.

17.　Any collective action claims fail because any violation by the Defendants  was not willful and the proposed class includes persons whose claims are barred by the relevant statute of limitations.

18.　Any collective action claims fail because the proposed class includes persons whose claims are governed by the Labor Management Relations Act of 1947, 29 U.S.C. § 141, *et seq*.

19.　Any damages suffered by Plaintiff are barred, or reduced, by his failure to mitigate damages.

20.　Plaintiff's state class claims fail because the class, as proposed, is not numerous.  A class action may not be maintained under California Code of Civil Procedure § 382.

21.　Plaintiff's state class claims fail because his claims are not typical of the claims of the proposed class.  A class action may not be maintained under California Code of Civil Procedure § 382.

22.　Plaintiff's state class claims fail because he is not an adequate representative of the proposed class.  A class action may not be maintained under California Code of Civil Procedure § 382.

23.　Plaintiff's state class claims fail because individualized issues predominate over classwide issues and because a class action would not be superior to individual actions.  A class action may not be maintained under California Code of Civil Procedure § 382.

24.　Plaintiff's state claims are barred by the applicable statutes of limitation, including California Code of Civil Procedure §§ 337, 339, 340 and 343;

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

California Labor Code § 1197.5; California Business and Professions Code § 17208; and any other applicable statutes of limitation.

25.     Plaintiff's claims are barred because any violation of California wage laws, including the California Labor Code and Industrial Wage Orders, was not intentional, knowing or willful and only occurred, if they occurred, as a result of excusable error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

26.     Plaintiff's claims are barred because California Code of Civil Procedure § 382 fails to provide adequate due process protections insofar as it allows trial by formula and unfairly restricts Defendants' right to litigate their affirmative defenses to the individual claims of Plaintiff and each member of the putative class.

27.     Plaintiff's claims are barred because California Labor Code § 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and, thus, is facially ambiguous and violative of Defendants' right to due process.

28.     Plaintiff's claims and/or damages are barred because the penalties and fines sought pursuant to Labor Code § 2699 are unconstitutional and excessive.

29.     Defendants are informed and believe and thereon allege that at all times mentioned in Plaintiff's Class Action Complaint, the parties were exempt from the requirements contained in the California Labor Code and in the applicable wage orders of the Industrial Welfare Commission.

30.     Defendants are informed and believe and thereon allege that at all times mentioned in Plaintiff's Class Action Complaint, the parties were exempt from the requirements contained in the Fair Labor Standards Act.

31.     Defendants are informed and believe and thereon allege that Plaintiff secreted or absented himself to avoid payment of wages and/or refused to receive the payment fully tendered to him by Defendants, thereby relieving Defendants of liability for waiting time penalties under the California Labor Code.

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

32.    Defendants are informed and believe and thereon allege that the hours claimed are not "hours worked" within the meaning of the California Labor Code and the applicable wage orders of the Industrial Welfare Commission, so that compensation need not be paid for those hours.

33.    Defendants are informed and believe and thereon allege that Plaintiff's claims are barred, in whole or in part, because the Defendants' business practices were not and are not unfair, unlawful, fraudulent or deceptive within the meaning of Business and Professions Code § 17200, *et seq*.

34.    Defendants are informed and believe and thereon allege that Plaintiff lacks standing to assert a claim under Business and Professions Code § 17200 on behalf of the general public.

35.    Defendants are informed and believe and thereon allege that Plaintiff's meal claims are barred on the grounds that Plaintiff was provided with all legally required meal breaks.

36.    Defendants are  informed and believe and thereon allege that Plaintiff is unable to demonstrate the requisite class interest to maintain a class action, or otherwise satisfy the prerequisites for class certification, therefore, Plaintiff's class allegations should be dismissed.

37.    Defendants are informed and believe and thereon allege that Plaintiff lacks the standing to assert any cause of action set forth in the Class Action Complaint.

38.    Plaintiff is not entitled to any award of prejudgment interest.

39.    Plaintiff is not entitled to any award of attorney's fees under any statute, theory or case law authority, including under the Fair Labor Standards Act, the California Labor Code, and California Code of Civil Procedure § 1021.5.

40.    Plaintiff is not entitled to any award of waiting time penalties under any statute, theory or case law authority including California Labor Code §§ 201-203.

41.    Defendants are informed and believe and thereon allege that Plaintiff is

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

4623921.1
4914-3.4908

-13-

JOINT ANSWER OF DEFENDANTS, LUBRIZOL ADVANCED MATERIALS, INC. AND EXTRUMED, INC.

unable to demonstrate a manageable PAGA action or class to maintain Plaintiff's PAGA action.  Individual issues predominate and therefore, Plaintiff's PAGA allegations and claims should be dismissed.

42.     Any alleged failure to pay all wages allegedly due at Plaintiff's termination was not willful and/or there existed a good faith dispute as to the amount of compensation owed, if any.

43.     Defendants allege that assuming Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages or penalties because the alleged failure to provide accurate itemized wage statements was not a knowing and intentional failure.

44.     Defendants allege that assuming Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages or penalties because Plaintiff did not suffer any injury as a result of any failure to provide accurate itemized wage statements.

45.     Plaintiff is not entitled to a jury trial on his equitable claims.

46.     Defendants oppose class certification and dispute the propriety of class treatment.  If the Court certifies a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class.

47.     Defendants reserve the right to amend this Answer to include additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts.

WHEREFORE, Defendants Lubrizol Advanced Materials, Inc. and ExtruMed, Inc., request that:

1.     This action be denied class certification;

2.     Plaintiff's Class Action Complaint be dismissed with prejudice;

3.     Plaintiff take nothing by virtue of his Class Action Complaint;

4.     Judgment be entered in favor of Defendants;

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

1    5.    Defendants be awarded their attorneys' fees, costs, and such other and

2  further relief as the Court may deem just.

3

4  Dated:  September 26, 2018         WFBM, LLP
                                      By:
5

6

7                                     _____
                                      SAGE R. KNAUFT
8                                     REYNA E. MACIAS
                                      Attorneys for Defendants LUBRIZOL
9                                     ADVANCED MATERIALS, INC. and
                                      EXTRUMED, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALSWORTH

ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

4623921.1
4914-3.4908

-15-

JOINT ANSWER OF DEFENDANTS, LUBRIZOL ADVANCED MATERIALS, INC. AND EXTRUMED, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is One City Boulevard West, Fifth Floor, Orange, CA 92868-3677.

On September 26, 2018, I served true copies of the following document(s) described as **JOINT ANSWER OF DEFENDANTS, LUBRIZOL ADVANCED MATERIALS, INC. AND EXTRUMED, INC.** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 26, 2018, at Orange, California.

_____
Michelle Gardner

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

4623921.1
4914-3.4908